JOURNAL ENTRY AND OPINION
Malanah Mills appeals from a judgment of the juvenile court granting permanent custody of her children, Malanah Boyer and Malantey Mills, to Cuyahoga County Department of Children and Family Services (CCDCFS). She assigns the following as error for review:
 THE TRIAL COURT LACKED JURISDICTION TO MAKE AN ORDER OF PERMANENT CUSTODY AS IT DID NOT PROVIDE REASONABLE NOTICE TO APPELLANT OF THE PERMANENT CUSTODY HEARING.
Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the trial court.
The record before us reveals on February 19, 1997, Malanah and Malantey were committed to the legal custody of their mother with protective supervision to CCDCFS due to the mother's habitual drug abuse, her inability to provide adequate care for her children, and her inability to participate in services provided to her by CCDCFS.
In September 1998, CCDCFS filed a new complaint seeking temporary custody of the children due to the mother's continued use of illegal drugs, her failure to comply with a drug assessment and treatment, and her positive urine test for drugs. CCDCFS filed an additional complaint in December, as the temporary emergency custody would expire on the initial complaint. The allegations in the new complaint reiterated those detailed in the original complaint, and included new allegations relating to the mother's mental health issues and the lack of stable housing. The court adjudicated both children dependent and committed them to the temporary custody of CCDCFS.
Thereafter, on September 3, 1999, CCDCFS filed a motion to modify temporary custody to permanent custody, alleging that the mother had failed to comply with her case plan or work towards reunification with her children. The mother's case plan required her to complete drug assessment and treatment, secure stable housing and complete parenting classes.
The docket in this case reflects that on December 27, 1999, the mother had been personally served a summons and a copy of the motion to modify temporary custody. The court conducted a hearing on January 6, 2000, but continued the matter to February 2, 2000 because the mother could not attend due to illness. At the February 2nd hearing, the court became aware that the mother had been evicted as of January 13th and that no one involved with the case had knowledge of her new address. After hearing testimony from the social worker, Seanine Cook, the court again continued the hearing so that the mother could attend. The court determined that she had spoken with her sister and the alleged father and had been aware of the new hearing date on February 9, 2000.
However, the docket reflects that the mother did not receive notice of the next hearing date or that notice by publication had been attempted. Thus, the court conducted the hearing in the mother's absence and granted permanent custody of the children to CCDCFS.
On appeal, the mother urges the trial court lacked jurisdiction to award permanent custody because she did not receive proper notice of the hearing dates.
Thus, the issue presented for our review concerns whether the mother had been properly notified of the permanent custody hearing.
R.C. 2151.29 states that service of a summons or a notice shall be made by delivering a copy to the person summoned or notified, or by leaving a copy at the residence. It further provides that whenever it appears by affidavit that after reasonable effort the person to be served cannot be found or her post-office address ascertained, the clerk shall publish such summons once in a newspaper. When a period of one week has elapsed, the juvenile court shall have full jurisdiction. See also Civ.R. 4.
In this case, the record reflects a summons had been delivered to the mother on December 27, 1999, notifying her of the January 6, 2000 hearing. On the day of the hearing, the mother notified the court that due to an illness, she could not attend the hearing. The court continued the matter and presumably sent notice to the mother at her last known address. However, the mother had been evicted on January 13, 2000, a fact that the court became aware of at the February 2, 2000 hearing. In fact, the magistrate asked CCDCFS if it had a new address for the mother and learned that CCDCFS did not believe she had any housing. When the court rescheduled the hearing for February 9, 2000, it had been aware that no one involved in the case knew how to reach the mother. Therefore, the court could not have sent her notice of the new February 9th hearing date. Additionally, no one presented the court with an affidavit that reasonable efforts had been made to locate the mother and that those efforts proved unsuccessful.
CCDCFS urges the mother had been aware of the hearing date because her sister and the alleged father said they believed she knew of the hearing. However, nothing in the civil rules provides for service by hearsay. The notice issue could have easily been remedied by publication.
Therefore, we have concluded that the juvenile court lacked jurisdiction to enter an award of permanent custody in this case because service had not been perfected over the mother. Accordingly, this assignment of error is well taken. The judgment of the court is reversed and the matter remanded. The juvenile court is instructed to re-hear this matter once it has secured jurisdiction over the parties involved.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.
 _______________________________ PATRICIA ANN BLACKMON, JUDGE